UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN LOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, a municipal corporation; and MERRY O'CLEARY, an individual,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

COMES NOW Plaintiff, John Loper, and alleges as follows:

## NATURE OF ACTION

This is an action to recover damages and to obtain declaratory and injunctive relief under 42 U.S.C. § 1983. The claims arise from the acts and omissions of a police officer of the Seattle Police Department who detained John Loper for selling the *Real Change* newspaper on a public sidewalk and threatened him with arrest for trespass under the City of Seattle's admonishment policy, and banished him from the area for one year. Mr. Loper remains at risk of arrest for returning to the public sidewalk from which he was "trespassed" and where he historically sold his newspapers.

## I. PARTIES

1.1     Plaintiff John Loper is, and was at all material times, a resident of King County, Washington.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

No. _____

dfl10901

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1.2     Defendant City of Seattle ("the City") is a municipal corporation organized under the laws of the State of Washington and is located in the Western District of Washington.

1.3     Defendant Merry O'Cleary is a police officer in the Seattle Police Department and a resident of the Western District of Washington. Officer O'Cleary committed all her acts and omissions alleged below under color of state law.

## II.     JURISDICTION AND VENUE

2.1     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334 and 1367.

2.2     Venue is appropriate in the Western District of Washington because all of the events complained of occurred in this District, Plaintiff resides in this District, and the Defendants reside in this District. *See* 28 U.S.C. §§ 1391(b).

## III.     FACTS

3.1     Plaintiff, John Loper, is a licensed vendor of the newspaper *Real Change*. *Real Change* is a weekly newspaper that covers civic concerns including issues related to homelessness.

3.2     *Real Change* provides copies of its newspaper to its licensed vendors at wholesale cost. These vendors are not reimbursed for copies that are unsold. The vendors compete for advantageous sales locations based on volume and seniority. Mr. Loper has historically sold *Real Change* from the northwest corner of Second Avenue and Cherry Street in downtown Seattle, Washington.

3.3     Offering the *Real Change* newspaper for sale is expressive conduct.

**Defendant O'Cleary's Issuance of the City's Trespass Admonishment Against Plaintiff**

3.4     On September 9, 2009, Officer Merry O'Cleary of the Seattle Police Department ("SPD") issued a written "Trespass Admonishment" to Mr. Loper. Officer O'Cleary recorded the "Trespass Location" as "701 Second Avenue," which corresponds to the corner where Mr. Loper has historically sold *Real Change* newspapers for many years at Second Avenue and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2
No. _____
dfl10901

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Cherry Street in Seattle. The Admonishment states that Mr. Loper is "no longer permitted, invited, licensed or otherwise privileged to enter upon or remain at the above location," and that "This Trespass Admonishment expires one year after its issuance." Officer O'Cleary signed the admonishment against Mr. Loper.

3.5   Generally, the City's Trespass Admonishment form does not require the issuing officer to articulate any reasonable suspicion or probable cause to support an allegation that the person was engaged in the commission of any crime, including trespass. On the back side of the Trespass Admonishment issued to Mr. Loper, however, Officer O'Cleary wrote: "Chronic Problem. Bank owner requests trespass. Customers have complained about aggressive panhandling at bank entrance (ATM & Bus Stop). I observed him approaching peds. stopping them to sell papers."

3.6   At the time she issued the Admonishment to Mr. Loper, Officer O'Cleary told him that he was not allowed to sell papers or be present on that corner or within a one-block radius. Officer O'Cleary threatened that if she saw him on that corner again, she would arrest him for trespass. Mr. Loper did not enter the bank, and Officer O'Cleary had no probable cause or reasonable suspicion to believe that he had entered the bank that day or any other day, or that he had committed any offense against the bank or any other crime.

3.7   Officer O'Cleary did not provide Mr. Loper with a copy of the Admonishment. And even if she had, the Admonishment did not state a lawful reason for excluding him from the public sidewalk or inform him of any appeals process, nor did it state which law he had purportedly violated by "approaching peds. stopping them to sell papers" on a public sidewalk.

3.8   On December 1, 2009, Officer O'Cleary again observed Mr. Loper selling *Real Change* newspapers on the sidewalk at the corner of Second Avenue and Cherry Street in downtown Seattle. She ordered Mr. Loper to sit on the bumper of her patrol car and produce identification. She did not inform Mr. Loper that he was free to leave. Officer O'Cleary then used her Mobile Data Terminal (MDT) to run Mr. Loper's identification through police data

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

No. _____

dfl 10901

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

bases while keeping Mr. Loper seated on the patrol car. This lasted approximately 10-15 minutes. During that time, Mr. Loper was not free to leave, and did not do so.

3.9 On December 1, 2009, Officer O'Cleary did not have probable cause or reasonable suspicion to believe that Mr. Loper was committing any crime, or that he had recently done so. Her sole basis for seizing Mr. Loper was the Admonishment she had issued him on September 9, 2009.

3.10 Nevertheless, on December 1, Officer O'Cleary instructed Mr. Loper that he was banished from the entire area within one block of the intersection of Second Avenue and Cherry Street. She warned Mr. Loper that if she saw him within a block of that intersection, she would arrest him for trespass.

3.11 Immediately after receiving the December 1 banishment warning, Mr. Loper entered a local sandwich shop, where he was welcome. Officer O'Cleary followed him into the sandwich shop, this time accompanied by a King County Sheriff's Deputy. Together, the law enforcement officers warned Mr. Loper that he was also barred from selling his *Real Change* newspapers "near" any Metro bus stop in King County.

3.12 For more than a month after the December 1, 2009 banishment, Mr. Loper sold newspapers on an adjacent corner. From his long experience selling *Real Change* newspapers at this particular intersection, Mr. Loper knew that the neighboring corner was inferior for selling newspapers to the location on the sidewalk outside 701 Second Avenue. True to Mr. Loper's experience, he sold far fewer newspapers for that time period.

3.13 Officer O'Cleary was acting pursuant to City policy when she issued the Trespass Admonishment and banishment order described herein.

3.14 As a direct result of Officer O'Cleary's Trespass Admonishment and subsequent order and threat of arrest, Mr. Loper sold fewer newspapers and made less money. This lost revenue constitutes financial damages caused by Defendants' actions.

3.15 The Defendants' Trespass Admonishment issued to Mr. Loper will be in effect until September 9, 2010.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

No. _____

dfl 10901

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

3.16   Due to the Trespass Admonishment in effect and Officer O'Cleary's threats, Mr. Loper either forfeits his constitutional right of free speech or lives in constant fear of arrest if he sells newspapers on the sidewalk at 701 Second Avenue.

### The City's Trespass Admonishment and Banishment Policies and Practices

3.17   The City of Seattle maintains a policy and practice that permits its police officers to issue "Trespass Admonishments" to a person in public areas without probable cause that the person has committed any crime, including trespass.

3.18   The City of Seattle maintains a policy and practice that authorizes its police officers to banish persons from general public areas through issuance of "Trespass Admonishments" and threat of arrest. Once a Trespass Admonishment is issued, the City authorizes its officers to banish a person from the "trespassed" area for up to one year from a public area and from a private area without a determination whether the landowner owner consents or does not consent to the presence of that particular person on his or her private property.

3.19   The City, by and through its Trespass Admonishment system, policies and practices, fails to give persons fair notice that his or her conduct is forbidden.

3.20   By policy and practice, the City of Seattle does not provide and opportunity to contest the validity of a Trespass Admonishment or banishment order.

3.21   No legislative enactment authorizes Seattle Police Department officers to issue Trespass Admonishments and banishment orders. The SPD's creation of the admonishment system and banishment policy exceeds the permissible reach of police authority and violates the separation of powers.

3.22   The City of Seattle's Trespass Admonishment policy and practice grants SPD officers unfettered discretion to disperse or banish persons for lawful conduct, and to arrest persons for trespass absent legal authority.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

No. _____

dfl 10901

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

## IV.   CAUSES OF ACTION

### COUNTS ONE-THREE

*(Claims Under 42 U.S.C. § 1983 Against Officer O'Cleary)*

4.1   As described above, the acts and omissions of Defendant O'Cleary, in her capacity as a state actor, caused Plaintiff to be deprived of rights guaranteed by the First Amendment to the United States Constitution, including the right to freedom of expression, freedom of the press, and freedom of association and peaceable assembly, in violation of 42 U.S.C. § 1983.

4.2   As described above, the acts and omissions of Defendant O'Cleary, in her capacity as a state actor, caused Plaintiff to be deprived of rights guaranteed by the Fourth Amendment to the United States Constitution, including the right to be free from unreasonable seizure of his person and effects, in violation of 42 U.S.C. § 1983.

4.3   As described above, the acts and omissions of Defendant O'Cleary, in her capacity as a state actor, violated Plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution, by depriving Plaintiff of his liberty and property without due process of law in violation of 42 U.S.C. § 1983.

### COUNTS FOUR-FIVE

*(Monell Action Against the City of Seattle)*

4.4   Defendant City of Seattle's Trespass Admonishment and banishment policies have caused Plaintiff to be deprived of rights guaranteed by the First Amendment to the United States Constitution, including the right to freedom of expression, freedom of the press, and freedom of association and peaceable assembly, in violation of 42 U.S.C. § 1983.

4.5   Defendant City of Seattle's Trespass Admonishment and banishment policies and practices caused Plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution, to be violated by depriving Plaintiff of his liberty and property without due process of law in violation of 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

No. _____

dfl 10901

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

5.1    Compensatory damages;

5.2    Declaratory relief that the City of Seattle's "Trespass Admonishment" and banishment policies and practices are unconstitutional;

5.3    Injunctive relief enjoining the City of Seattle from enforcing the Trespass Admonishment and banishment order against Plaintiff described herein and from issuing them to him and others in the future;

5.4    Punitive damages from the individual Defendant;

5.5    Costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

5.6    The right to conform the pleadings to the proof offered at trial; and

5.7    Such other relief as may be just.

DATED this 11th day of June, 2010.

MacDONALD HOAGUE & BAYLESS

By _____
Jesse Wing, WSBA # 27751
Joe Shaeffer, WSBA # 33273
David Whedbee, WSBA # 35977
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

No. _____

dfl10901

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961